UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIDI JOACHIM EKE, | No. 2:24-cv-1227 CKD P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

1 the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2 exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

3      The court is required to screen complaints brought by prisoners seeking relief against a
4 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
5 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

8      The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
9 which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The
10 court will, however, grant leave to file an amended complaint.

11      In his complaint plaintiff has named the State of California as one of the defendants. The
12 Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a
13 state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan,
14 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa,
15 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not
16 consented to suit.

17      The other named defendant is the Sacramento County Sherriff's Department.
18 Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees.
19 Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when
20 execution of a government's policy or custom, whether made by its lawmakers or by those whose
21 edicts or acts may fairly be said to represent official policy, inflicts the injury that the government
22 as an entity is responsible under § 1983." Id. at 694. Plaintiff does not allege he suffered
23 actionable injury as a result of a Sacramento County custom or policy.

24      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
25 complained of have resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy,
26 625 F.2d 227 (9th Cir. 1980). The court does not have jurisdiction unless there is a violation of
27 federal rights stated as opposed to the violations of California law identified in plaintiff's
28 complaint. Also, in his amended complaint, plaintiff must allege in specific terms how each

named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 30, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
eke1227.14