1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHIDI JOACHIM EKE,                         No.  2:24-cv-1227 CKD P

12              Plaintiff,

13        v.                                    ORDER

14   STATE OF CALIFORNIA, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and seeking damages pursuant to 42 U.S.C. §

18   1983.  The court is required to screen complaints brought by prisoners seeking relief against a

19   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

20   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

21   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

22   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

23   Plaintiff's amended complaint (ECF No. 18) is before the court for screening.

24        The court has reviewed plaintiff's amended complaint and finds that plaintiff fails to state

25   a claim upon which relief can be granted.  The amended complaint must be dismissed.  However,

26   the court will give plaintiff on final opportunity to state a claim upon which plaintiff can proceed

27   in a second amended complaint.

28   /////

                                              1

Most of plaintiff allegations appear to imply the invalidity of his conviction.  Claims implying the invalidity of a conviction are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).

Plaintiff also complains about loss of property but fails to state a federal claim.  The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, <u>et</u> <u>seq</u>.

Some of plaintiff's allegations are vague: he asserts wrongs but does not identify the people causing him injury.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading to make plaintiff's second amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed.

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure

/////

/////

/////

1  to file a second amended complaint in accordance with this order will result in a recommendation

2  that this action be dismissed.

3  Dated:  March 3, 2025

4  _____
   CAROLYN K. DELANEY

5  UNITED STATES MAGISTRATE JUDGE

6

7

8  1
   eke1227.14(2)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3