1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   CHIDI JOACHIM EKE,                           No. 2:24-cv-1227 CKD P

12                   Plaintiff,

13          v.                                    ORDER AND

14   STATE OF CALIFORNIA, et al.,                 FINDINGS AND RECOMMENDATIONS

15                   Defendants.

16

17          Plaintiff is a California prisoner proceeding pro se and seeking damages pursuant to 42

18   U.S.C. § 1983. Plaintiff stands convicted of 15 sex offenses committed against his two daughters.

19   On October 1, 2025, his convictions and sentences were affirmed by the California Court of

20   Appeal, Third Appellate District. People v. Eke, C099886.

21          The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

26   Plaintiff's second amended complaint (ECF No. 18) is before the court for screening. The court

27   has conducted the required screening.

28   /////

Plaintiff identifies Sacramento County Sheriff Jim Cooper as a defendant but fails to make any specific allegations against him. To the extent plaintiff sues Cooper in his official capacity as Sheriff, thereby suing Sacramento County itself, municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Plaintiff fails to allege he suffered a violation of law due to a policy or custom of Sacramento County.

Defendants Ore, Aarseth and Giles are all Sacramento County Deputy District Attorneys. Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Claims implying the invalidity of a conviction are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). It does not appear plaintiff has any claim against Ore, Aarseth, or Giles which is not barred by Heck or prosecutorial immunity.

The remaining defendants, Guerrero, Pham, and Monroe, are all Elk Grove police officers. Plaintiff alleges that defendants Guerrero and Pham illegally arrested plaintiff on July 11, 2021 and conducted an unlawful search. No charges were filed against plaintiff at that point so he was released on July 13, 2021. Plaintiff alleges that there was no probable cause for his arrest, but that claim is conclusory especially considering plaintiff's eventual convictions. Further, his claim concerning the search is barred by Heck. One of the items seized during the search was plaintiff's cell phone. According to the opinion of the California Court of Appeal referenced above, material recovered from the cell phone was admitted into evidence at plaintiff's trial.

Plaintiff alleges Monroe participated in fabricating evidence which was presented at trial. This claim is also barred by Heck. Plaintiff further alleges that Monroe conducted an interview with plaintiff without advising plaintiff of his Miranda rights. This claim is either barred by Heck, or inadequate because plaintiff fails to allege injury other than to his defense. Plaintiff makes other allegations against Monroe, but those allegations concern actions authorized by

search warrants plaintiff fails to demonstrate were somehow invalid.

For all the foregoing reasons, plaintiff fails to state a claim upon which he can proceed. The second amended complaint is the third attempt by plaintiff to state a claim upon which he can proceed. Considering that, and the advice given to plaintiff as to how he might state a claim upon which he can proceed in conjunction with the dismissal of his original and amended complaints, granting leave to file a third amended complaint appears futile.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 10, 2025

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

1
eke1227.frs